FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 12, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

LARRY C TOULOU,

     Plaintiff,

     v.

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.

No. 2:17-CV-00057-RHW

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

     Before the Court are the parties' cross-motions for summary judgment, ECF Nos. 9 & 10. Mr. Toulou brings this action seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner's final decision, which denied his application for Disability Insurance Benefits under Title II and his application for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C §§ 401-434, 1381-1383F. After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1**

below, the Court **GRANTS** Defendant's Motion for Summary Judgment and

**DENIES** Mr. Toulou's Motion for Summary Judgment.

## I. Jurisdiction

Mr. Toulou filed his applications for Supplemental Security Income and Disability Insurance Benefits on April 3, 2013. AR 15, 252-63. His alleged onset date of disability is March 15, 2009. AR 15, 252, 256. Mr. Toulou's applications were initially denied on June 12, 2013, AR 175-90, and on reconsideration on September 17, 2013, AR 193-205.

A hearing with Administrative Law Judge ("ALJ") Jesse Shumway occurred on July 30, 2015. AR 42-77. On August 14, 2015, the ALJ issued a decision finding Mr. Toulou ineligible for disability benefits. AR 15-24. The Appeals Council denied Mr. Toulou's request for review on December 5, 2016, AR 1-3, making the ALJ's ruling the "final decision" of the Commissioner.

Mr. Toulou timely filed the present action challenging the denial of benefits, on February 8, 2017. ECF No. 1. Accordingly, Mr. Toulou's claims are properly before this Court pursuant to 42 U.S.C. § 405(g).

## II. Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 2**

can be expected to last for a continuous period of not less than twelve months." 42

U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be

under a disability only if the claimant's impairments are of such severity that the

claimant is not only unable to do his previous work, but cannot, considering

claimant's age, education, and work experience, engage in any other substantial

gainful work that exists in the national economy. 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process

for determining whether a claimant is disabled within the meaning of the Social

Security Act. 20 C.F.R. §§ 404.1520(a)(4) & 416.920(a)(4); *Lounsburry v.

Barnhart,* 468 F.3d 1111, 1114 (9th Cir. 2006).

Step one inquires whether the claimant is presently engaged in "substantial

gainful activity." 20 C.F.R. §§ 404.1520(b) & 416.920(b). Substantial gainful

activity is defined as significant physical or mental activities done or usually done

for profit. 20 C.F.R. §§ 404.1572 & 416.972. If the claimant is engaged in

substantial activity, he or she is not entitled to disability benefits. 20 C.F.R. §§

404.1571 & 416.920(b). If not, the ALJ proceeds to step two.

Step two asks whether the claimant has a severe impairment, or combination

of impairments, that significantly limits the claimant's physical or mental ability to

do basic work activities. 20 C.F.R. §§ 404.1520(c) & 416.920(c). A severe

impairment is one that has lasted or is expected to last for at least twelve months,

and must be proven by objective medical evidence. 20 C.F.R. §§ 404.1508-09 & 416.908-09. If the claimant does not have a severe impairment, or combination of impairments, the disability claim is denied, and no further evaluative steps are required. Otherwise, the evaluation proceeds to the third step.

Step three involves a determination of whether any of the claimant's severe impairments "meets or equals" one of the listed impairments acknowledged by the Commissioner to be sufficiently severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526 & 416.920(d), 416.925, 416.926; 20 C.F.R. § 404 Subpt. P. App. 1 ("the Listings"). If the impairment meets or equals one of the listed impairments, the claimant is *per se* disabled and qualifies for benefits. *Id.* If the claimant is not *per se* disabled, the evaluation proceeds to the fourth step.

Step four examines whether the claimant's residual functional capacity enables the claimant to perform past relevant work. 20 C.F.R. §§ 404.1520(e)-(f) & 416.920(e)-(f). If the claimant can still perform past relevant work, the claimant is not entitled to disability benefits and the inquiry ends. *Id.*

Step five shifts the burden to the Commissioner to prove that the claimant is able to perform other work in the national economy, taking into account the claimant's age, education, and work experience. *See* 20 C.F.R. §§ 404.1512(f), 404.1520(g), 404.1560(c) & 416.912(f), 416.920(g), 416.960(c). To meet this

burden, the Commissioner must establish that (1) the claimant is capable of performing other work; and (2) such work exists in "significant Gallo in the national economy." 20 C.F.R. §§ 404.1560(c)(2); 416.960(c)(2); *Beltran v. Astrue,* 676 F.3d 1203, 1206 (9th Cir. 2012).

## III.    Standard of Review

A district court's review of a final decision of the Commissioner is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited, and the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1144, 1158-59 (9th Cir. 2012) (citing § 405(g)). Substantial evidence means "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir.1997) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)) (internal quotation marks omitted). In determining whether the Commissioner's findings are supported by substantial evidence, "a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989)).

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the ALJ. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012); *see also Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). Moreover, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina*, 674 F.3d at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115. The burden of showing that an error is harmful generally falls upon the party appealing the ALJ's decision. *Shinseki v. Sanders*, 556 U.S. 396, 409–10 (2009).

## IV.    Statement of Facts

The facts of the case are set forth in detail in the transcript of proceedings and only briefly summarized here.  Mr. Toulou was 54 years old on the date the application was filed. AR 252. He has at least a high school education. AR 333. Mr. Toulou is able to communicate in English. 331. Mr. Toulou has past relevant work as a gaming monitor. AR 23, 124, 138, 150, 160, 334.

# V. The ALJ's Findings

The ALJ determined that Mr. Toulou was not under a disability within the meaning of the Act from March 15, 2009, the alleged onset date, through the date of the ALJ's decision. AR 15, 24.

**At step one**, the ALJ found that Mr. Toulou had not engaged in substantial gainful activity since March 15, 2009 (citing 20 C.F.R. §§ 404.1571 *et seq*., and 416.971 *et seq*.). AR 17.

**At step two**, the ALJ found Mr. Toulou had the following severe impairments: left shoulder dysfunction, right carpal tunnel, right elbow tendonitis, left cubital tunnel, and cervical degenerative disc disease (citing 20 C.F.R. §§ 404.1520(c) and 416.920(c)). AR 17.

At **step three**, the ALJ found that Mr. Toulou did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404, Subpt. P, App. 1. AR 18.

**At step four**, the ALJ found Mr. Toulou had the residual functional capacity to perform a full range of light work, except: he cannot perform bilateral overhead reaching, and can only occasionally reach in other directions with the left upper extremity; he cannot push or pull with the left upper extremity; he can only frequently handle with the right upper extremity, and only occasionally handle with the left upper extremity; he cannot climb ladders, ropes, or scaffolds; he can

only frequently balance, stoop, kneel, crouch, and crawl; he cannot be exposed to extreme cold or heat, vibrations, or hazards (unprotected heights, moving mechanical parts). AR 18.

The ALJ determined that Mr. Toulou is capable of performing past relevant work as a gaming monitor, both as generally performed in the national economy and as it was actually performed. AR 23.

## VI.    Issues for Review

Mr. Toulou argues that the Commissioner's decision is not free of legal error and not supported by substantial evidence. Specifically, he argues the ALJ erred by: (1) improperly determining that he could perform past relevant work; and (2) improperly evaluating the medical opinion evidence.

## VII.    Discussion

### A. The ALJ Properly Determined Mr. Toulou Can Perform Past Relevant Work.

Mr. Toulou argues the ALJ erred at step four of the sequential evaluation process in determining that he could perform past relevant work as it was actually performed and as it is generally performed in the national economy. Mr. Toulou contends that he would be unable to perform an aspect his past relevant work, in conjunction with his assessed limitations.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8**

1   At step four, the claimant has the burden of showing he can no longer

2   perform his past relevant work. 20 C.F.R. §§ 404.1512(a), 404.1520(f), 416.912(a),

3   416.920(f); *Barnhart v. Thomas*, 540 U.S. 20, 25 (2003). An individual is not

4   disabled if despite his residual functional capacity he can perform his past relevant

5   work *either* as he performed it or as it is generally performed in the national

6   economy. *Pinto v. Massanari*, 249 F.3d 840, 844 (9th Cir. 2001) (emphasis added);

7   *see Villa v. Heckler,* 797 F.2d 794, 798 (1986) ("[t]he claimant has the burden of

8   proving an inability to return to his former type of work and not just to his former

9   job."); *see also* 20 C.F.R. §§ 404.1560(b)(2), 416.960(b)(2). Importantly, if the

10  main duties of the past relevant work can be described accurately only by

11  considering multiple DOT occupations, then the claimant may have performed a

12  "composite job." SSR 82-61. Social Security Rules (SSR) 82-61, directs:

13      [C]omposite jobs have significant elements of two or more
        occupations and, as such, have no counterpart in the DOT. Such

14      situations will be evaluated according to the particular facts of each
        individual case. For such instances where available documentation

15      and vocational resource material are not sufficient to determine how a
        particular job is usually performed, it may be necessary to utilize the

16      services of a vocational specialist or vocational expert.

17      In determining whether a claimant is capable of doing his past relevant work

18  as actually performed, Social Security Regulations name two sources of

19  information that may be used: a properly completed vocational report, SSR 82–61,

20  and the claimant's own testimony, SSR 82–41. *Pinto*, 249 F.3d at 845. Here, Mr.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 9**

Toulou testified that from 1997 through 2000 he was ". . . one of the managers for [the] speed bingo game" and that his duties were "to make sure the money got into the till, everybody was paid out right. The -- I had seven to ten employees per shift under supervision. I just -- I watched over everything. Fights broke out, I'd break them up. Things like that." AR 54. The vocational expert testified that Mr. Toulou's past relevant work was a composite of three light work occupations: gaming monitor, floor attendant, and casino manager. AR 53. The vocational expert further testified, that given Mr. Toulou's residual functional capacity, he could perform his past duties as a gaming monitor and casino manager as actually performed and as generally performed in the national economy. AR 69-70; *see also* AR 124, 138, 150, 160.

In determining if an individual can perform past relevant work as it is generally performed, the best source for how a job is generally performed is usually the Dictionary of Occupational Titles. *Pinto*, 249 F.3d at 845–46 (citing *Johnson v. Shalala,* 60 F.3d 1428, 1435 (9th Cir.1995); 20 C.F.R. §§ 404.1566(d) and 416.966(d); SSR 82–61). However, the Social Security Rules note that composite jobs have no counterpart in the Dictionary of Occupational Titles, and in such situations, it may be necessary to utilize the services of avocational specialist or expert. SSR 82-61. Here, Mr. Toulou's past relevant work did not have an exact equivalent in the dictionary of occupational titles; thus, a vocational expert was

utilized and testified, that given Mr. Toulou's residual functional capacity, he

could perform his past duties as a gaming monitor and casino manager as generally

performed in the national economy. AR 69-70; *see also* AR 124, 138, 150, 160.

Accordingly, based on the Dictionary of Occupational Titles, the testimony

of Mr. Toulou, and the testimony of the vocational expert, the ALJ properly

concluded that Mr. Toulou could perform his past relevant work as he had

performed it and as it is generally performed in the national economy. AR 23-24.

**B. The ALJ Properly Evaluated the Medical Opinion Evidence.**

    **a. Legal Standard.**

The Ninth Circuit has distinguished between three classes of medical

providers in defining the weight to be given to their opinions: (1) treating

providers, those who actually treat the claimant; (2) examining providers, those

who examine but do not treat the claimant; and (3) non-examining providers, those

who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th

Cir. 1996) (as amended).

A treating provider's opinion is given the most weight, followed by an

examining provider, and finally a non-examining provider. *Id*. at 830-31. In the

absence of a contrary opinion, a treating or examining provider's opinion may not

be rejected unless "clear and convincing" reasons are provided. *Id*. at 830. If a

treating or examining provider's opinion is contradicted, it may only be discounted

for "specific and legitimate reasons that are supported by substantial evidence in the record." *Id*. at 830-31.

The ALJ may meet the specific and legitimate standard by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (internal citation omitted). When rejecting a treating provider's opinion on a psychological impairment, the ALJ must offer more than his or his own conclusions and explain why he or she, as opposed to the provider, is correct. *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

### b. Dr. Robin Moyer, M.D.

Dr. Moyer is a treating physician who completed a physical functional evaluation form for the Department of Social and Health Services in April 2015, AR 648-50, and a residual functional capacity questionnaire in May 2015, AR 651-54. In April 2015, Dr. Moyer opined that Mr. Toulou was moderately impaired by his left shoulder injury, but limited to sedentary work and only able to lift 10 pounds maximum and able to walk or stand only for brief periods. AR 649-50. In May 2015, Dr. Moyer opined that Mr. Toulou is able to perform light work; he can sit, stand, or walk at least 6 hours in an 8-hour workday and sit or stand for more than two hours at a time; he can rarely lift even less than 10 pounds, he can never climb ladders and had significant limitations with this left arm and hand but no

limitations with his fingers on his left hand, but can frequently twist, stoop, crouch, squat, and climb stairs; and he is likely to be absent from work more than four days a month because of the impairment. AR 652-54.

The ALJ did not completely discount Dr. Moyer's opinions, but assigned them little and partial weight. AR 22. The ALJ discounted Dr. Moyer's opinions for multiple valid reasons. AR 22-23. The ALJ discounted the April 2015 opinion because the brief form provides almost no explanation for the opinion given and it does not account for subsequent evidence. An ALJ may reject a doctor's opinion when it is inconsistent with other evidence in the record. *See Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999). Additionally, "an ALJ need not accept the opinion of a doctor if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). Notably, Mr. Toulou does not appear to contest the ALJ's weighing of this opinion.

Likewise, the ALJ provided multiple valid reason for discounting Dr. Moyer's May 2015 opinion, which was assigned partial weight. AR 22-23. The ALJ discounted the opinion because it is inconsistent with Mr. Toulou's actual level of activity. *Id*. While Dr. Moyer opines that Mr. Toulou has very limited functional ability, stating he is only able to lift 10 pounds maximum and that he can rarely lift even less than 10 pounds, he is severely limited in his ability to reach

with his arms, and limited in his ability to grasp and turn objects with this left

hand. AR 649, 653-54. However, Mr. Toulou testified that he can lift a 40-pound

bag of dog food, chop and carry firewood, do most everything with his right arm,

and perform household chores. AR 20, 21, 58, 59, 60-61, 66, 67, 68, 492, 628, 640.

An ALJ may properly reject an opinion that provides restrictions that appear

inconsistent with the claimant's level of activity. *Rollins v. Massanari*, 261 F.3d

853, 856 (9th Cir. 2001). Additionally, the ALJ discounted the opinion because it

is inconsistent with Dr. Moyer's own treatment records and the medical records as

a whole. AR 23. A discrepancy between a doctor's recorded observations and

opinions is a clear and convincing reason for not relying on the doctor's opinion.

*Bayliss v.*, 427 F.3d at 1216. In addition, an ALJ may reject a doctor's opinion

when it is inconsistent with other evidence in the record. *See Morgan*, 169 F.3d at

600. Dr. Moyer's initial opinion stated that Mr. Toulou was limited to sedentary

work and could lift 10 pounds maximum, AR 649-50, but the second opinion

limited him to only light work but further limited his ability to lift to rarely lifting

less than 10 pounds, AR 653. Further, the opinion is inconsistent with Dr. Moyer's

treatment notes demonstrating no more than limited left shoulder range and

minimal dismissed strength. AR 23, 614, 616, 628, 634, 636, 640, 642, 644.

When the ALJ presents a reasonable interpretation that is supported by the

evidence, it is not the role of the courts to second-guess it. *Rollins*, 261 F.3d 853,

857. The Court "must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina*, 674 F.3d 1104, 1111; *see also Thomas*, 278 F.3d 947, 954 (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). Thus, the Court finds the ALJ did not err in his consideration of Dr. Moyer's opinions.

## VIII. Conclusion

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and is free from legal error. Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 9**, is **DENIED.**

2. Defendant's Motion for Summary Judgment, **ECF No. 10,** is **GRANTED.**

3. Judgment shall be entered in favor of Defendant and the file shall be **CLOSED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward copies to counsel and **close the file**.

**DATED** this 12th day of February, 2017.

*s/Robert H. Whaley*
ROBERT H. WHALEY
Senior United States District Judge