FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 30, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LARRY TOULOU,<br><br>  Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>  Defendant. | No. 2:17-CV-0057-RHW<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR RELIEF FROM JUDGMENT UNDER RULE 60(b)(2)** |

Before the Court is Defendant's Motion for Relief from Judgment under Rule 60(b)(2). ECF No. 15. The Court has considered the briefing and the history of the case, and is fully informed. The motion was heard without oral argument.

## Background

On February 12, 2016, the Court granted Defendant Commissioner of Social Security's Motion for Summary Judgment, ECF No. 10, and denied Mr. Toulou's Motion for Summary Judgment, ECF No. 9. ECF No. 13. On the same day, Judgment was entered in favor of the Commissioner. ECF No. 14. On April 13,

**ORDER DENYING MOTION TO AMEND OR ALTER JUDGMENT ~ 1**

2018, Mr. Toulou filed an appeal with the Ninth Circuit Court of Appeals. ECF No. 17-18.

Mr. Toulou timely filed this Motion for Relief for Judgment, requesting remand based on sentence six of 42 U.S.C. § 405(g) and FED. R. CIV. P. 60(b). ECF No. 15. The Commissioner filed a response requesting the Court deny Mr. Toulou's Motion. ECF No. 16.

## Analysis

Pursuant to 42 U.S.C. § 405(g), district courts have the power to enter a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The Commissioner's determination will be set aside when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g)).

A party may receive relief from a final order, judgment, or proceeding based on "newly discovered evidence, that with reasonable diligence, could not have been discovered in time to move for a new trial under Fed. R. Civ. P. 59(b)." Fed. R. Civ. P. 60(b)(2). Mr. Toulou asserts that is the appropriate remedy because newly discovered evidence was obtained on March 29, 2018, that proves the ALJ erred in not finding additional limitations related to Mr. Toulou's depression. ECF

**ORDER DENYING MOTION TO AMEND OR ALTER JUDGMENT ~ 2**

No. 15 at 2. This evidence could not have been provided earlier because it was not disclosed until March 29, 2018. *Id.*

When the record before the court is insufficient to determine whether multiple decisions are reconcilable or inconsistent, remand is the appropriate remedy. *See Luna v. Astrue*, 623 F.3d 1032, 1035 (9th Cir. 2010). Remand is "warranted only if there is new evidence that is material" and there is good cause for the late submission. *Bruton v. Massanari*, 268 F.3d 824, 827 (9th Cir. 2001). Evidence is material if it "bears directly and substantially on the matter in dispute and if there is a reasonable possibility that the new evidence would have changed the outcome of the determination." *Id.* (quoting *Booz v. Sec'y of Health & Human Servs.*, 734 F.2d 1378, 1380 (9th Cir. 1984)) (internal quotation marks omitted).

Timing may be an important factor. In *Luna*, the claimant's second application for disability was approved with an onset date one day after the denial of the original application, and this was a factor that contributed to the uncertainty in the record. 623 F.3d at 1035. Conversely, in *Bruton*, the decisions were reconcilable because the second application dealt with a different time period. 268 F.3d at 827.

The ALJ denied Mr. Toulou's claim for disability, based on his first application, on August 14, 2015. ECF No. 6-2 at 13-15. Mr. Toulou's second application for disability was approved in October 2017, with an onset date of

**ORDER DENYING MOTION TO AMEND OR ALTER JUDGMENT ~ 3**

February 8, 2017. ECF No. 15-2. Mr. Toulou alleged that his onset date was March 15, 2009, which would have encompassed the same period. ECF No. 15-2 at 2. In the determination, however, the reviewers specifically found the onset date to be February 8, 2017. *Id.* at 29. The findings of the second application clearly relate to a different time period and rely significantly on medical information obtained subsequent to his initial denial. Thus, as in *Bruton*, the Court is able to reconcile the two decisions based on the record before it. 268 F.3d at 827.

Accordingly, **IT IS ORDERED:**

1. Defendant's Motion for Relief from Judgment under Rule 60(b)(2), **ECF No. 15**, is **DENIED.**

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward copies to counsel and **close the file**.

**DATED** this 30th day of May, 2018.

*s/Robert H. Whaley*
ROBERT H. WHALEY
Senior United States District Judge

**ORDER DENYING MOTION TO AMEND OR ALTER JUDGMENT ~ 4**